UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DWIGHT SMITH, LAURA WNUK, : <br> JOANNA MROZEK, : <br> Plaintiffs : <br> : <br> v. : <br> : <br> DAVID WILSON, RUSHICK "IKE" CHIN, : <br> DERRICK CHIN, : <br> Defendants : | CASE NO. 3:15-CV-01215 (VAB) |

## **RULING ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Dwight Smith, Laura Wnuk and Joanna Mrozek ("Plaintiffs"), *pro se*, initially brought this lawsuit against David Wilson, Rushick Chin and Derrick Chin ("Defendants") seeking damages arising out of an allegedly fraudulent transaction for property in Jamaica. Plaintiffs' original Complaint, filed in August 2015, included two counts against three Defendants, alleging breach of contract and fraud against the three named Defendants.

Following a telephonic scheduling conference with the parties, the Court entered an initial Scheduling Order on January 3, 2017, ECF No. 33, setting the close of discovery for June 16, 2017. After several requests for extension of time on the part of Plaintiffs, the Court extended all case deadlines, setting the close of discovery for September 8, 2017. Amended Scheduling Order (April 20, 2017), ECF No. 54. Out of concern for the potential for repeated delay in this case, the Court required the parties to participate in a monthly telephonic status call to ensure that the case was proceeding efficiently. Order, ECF No. 53.

Following the Court's Amended Scheduling Order, however, Plaintiffs filed a motion to amend the Complaint, seeking to add seven (7) new Defendants and nineteen (19) additional claims. Mot. to Amend Compl., ECF No. 57. The proposed Amended Complaint is 477 pages long and contains 1,570 separate paragraphs. Plaintiffs seek leave of the Court to file the

proposed Amended Complaint as the operative Complaint in this matter, which would dramatically expand the scope of this case and significantly delay existing deadlines in this matter. For the reasons outlined below, Plaintiffs' motion for leave to amend the Complaint is **DENIED without prejudice**.

## DISCUSSION

Under Rule 15 of the Federal Rules of Civil Procedure, a party seeking to amend a complaint more than twenty-one (21) days after serving it may not amend as of right, but must seek leave of the Court. Fed. R. Civ. P. 15(a). Under Rule 8 of the Federal Rules of Civil Procedure, all pleadings are required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 9(a)(2). "The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial… The statement should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1281, at 365 (1969)).

"When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial, *see* Fed. R. Civ. P. 12(f), or to dismiss the complaint." *Id.* "In exercising that discretion, however, 'the district court is required to heed the command of Rule 15(a) to grant leave to amend "freely ... when justice so requires."'" *Blakely v. Wells*, 209 F. App'x 18, 20 (2d Cir. 2006) (quoting *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir.1993) (per curiam) (quoting Fed. R. Civ. P. 15(a)). "This relaxed standard

2

applies with particular force to *pro se* litigants." *Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir.1999).

Courts throughout this Circuit have found that the dismissal of a compliant is appropriate where the plaintiff's failure to comply with the "short and plain" pleading requirements of Rule 8 is sufficiently exceptional. *See, e.g. Kalderon v. Finkelstein*, 495 F. App'x 103, 105–06 (2d Cir. 2012) (noting "that the District Court would have acted well within its discretion in dismissing the complaint (with leave to replead) for failure to comply with Rule 8(a)(2) and (d)(1) of the Federal Rules of Civil Procedure" where plaintiff's "rambling, 126-page complaint… was neither short nor plain, and contained factual allegations that were often repetitive"); *Fisher v. Rodriguez*, No. 3:16-CV-1763 (VLB), 2017 WL 736870, at *2 (D. Conn. Feb. 24, 2017) ("Plaintiffs' 34-page Second Amended Complaint is prolix warranting dismissal."); *Grimes v. Fremont Gen. Corp.*, 933 F. Supp. 2d 584, 595-596 (S.D.N.Y. 2013) (dismissing complaint with prejudice, noting that "[t]he Second Amended Complaint is over 300 pages long and contains over 1000 specifically numbered paragraphs and hundreds of additional un-numbered paragraphs… to determine whether the Second Amended Complaint survives Defendants' 12(b)(6) motions, Defendants would have to parse the document to find allegations that are specific to this action, and to do so would impose a tremendous cost in terms of time and the administration of justice"); *Martin Luther King Jr., H.S. Parents v. N.Y.C. Dep't of Educ.*, No. 02–CV–1689, 2004 WL 1656598, at *2 (S.D.N.Y. July 23, 2004) (dismissing complaint that ran "nearly 60 pages and comprise[d] 597 numbered paragraphs, many containing sub-paragraphs, and still more unnumbered paragraphs"), *aff'd in relevant part but vacated in part by Blakely v. Wells*, 209 Fed.Appx. 18 (2d Cir.2006) ("The District Court acted within the bounds of permissible discretion in dismissing the second amended complaint for noncompliance with Rule

8(a). The pleading, which spanned 57 pages and contained 597 numbered paragraphs, was far from short or plain.").

Plaintiffs' proposed Amended Complaint spans 477 pages, including 87 pages of exhibits, and separately states 1,570 paragraphs of largely redundant factual allegations. In each of the twenty-one separate counts, the Amended Complaint includes duplicate content as to each of the ten proposed Defendants, including repeated and lengthy excerpts of e-mail correspondence. The Court concludes that this Amended Complaint would significantly inhibit Defendants' ability to effectively respond to the allegations contained therein, as well as significantly burden the Court in the effective administration of this case. Accordingly, Plaintiffs' motion for leave to amend is **DENIED**.

The denial of Plaintiffs' motion is without prejudice to filing a renewed motion for leave to amend, together with a proposed Amended Complaint that complies with the requirements of Rule 8. *See Salahuddin,* 861 F.2d at 43 (affirming order dismissing complaint but remanding for entry of an order allowing "an appropriate period in which to file an amended complaint that omits unnecessary detail"); *Owens v. N.Y.C. Dep't of Sanitation*, No. 11–CV–8297, 2013 WL 150245, at *3 (S.D.N.Y. Jan. 15, 2013) ("a court should grant leave to amend [to a pro se litigant] at least once before dismissing [a complaint] with prejudice"). Plaintiffs are hereby granted until Friday, June 30, 2017 to file an Amended Complaint that aligns with the principles of Rule 8. Plaintiffs are encouraged to omit unnecessary redundancies and significantly shorten the page length of any proposed Amended Complaint filed with this Court.

SO ORDERED in Bridgeport, Connecticut this 14th day of June, 2017.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE