UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DWIGHT SMITH, LAURA WNUK, JOANNA MROZEK, Plaintiffs | : : : : | |
| v. | : : | CASE NO. 3:15-CV-01215 (VAB) |
| DAVID WILSON, RUSHICK "IKE" CHIN, DERRICK CHIN, Defendants | : : : | |

## RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION

Dwight Smith, Laura Wnuk and Joanna Mrozek ("Plaintiffs"), *pro se*, initially brought this lawsuit against David Wilson, Rushick Chin and Derrick Chin ("Defendants") seeking damages arising out of an allegedly fraudulent transaction for property in Jamaica. On May 8, 2017, Plaintiffs sought leave to amend their complaint, submitting a proposed Amended Complaint that was 477 pages long. The Court denied Plaintiffs' motion, noting that the proposed revisions ran afoul of the requirement in Rule 8 of the Federal Rules of Civil Procedure that pleadings contain a "short and plain statement of the claim…." Fed. R. Civ. P. 8(a)(2). Following the Court's order, Plaintiffs submitted another motion for leave to amend, providing a proposed amended complaint that was 231 pages long. The Court again denied Plaintiffs' motion without prejudice, allowing Plaintiffs another opportunity to submit a proposed amended complaint that was not unnecessarily long and repetitive.

Plaintiffs have now moved for reconsideration of the Court's most recent order denying leave to amend their complaint. For the reasons outlined below, Plaintiffs' motion is **DENIED.**

I. STANDARD OF REVIEW

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc*., 70 F.3d 255, 257 (2d Cir. 1995); *see also Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd*., 956 F.2d 1245, 1255 (2d Cir. 1992) ("The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" (internal citations omitted)). "[A] motion for reconsideration should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader,* 70 F.3d at 257.

II. DISCUSSION

Plaintiffs argue that their 231-page proposed amended complaint "include[d] the minimal amount of facts and information required and therefore … the length of the Amended Complaint [did not] rise[] to such level indicated for dismissal." Pls. Mem. in Supp. at 2, ECF No. 65-1. They do not argue that the Court overlooked any controlling decisions, nor do they present any new evidence in support of their motion for leave to amend; rather, they disagree with the Court's conclusion that the length and redundancy of the proposed amended complaints were sufficiently exceptional to warrant dismissal under Rule 8.

In their motion, Plaintiffs seek to "relitigate an issue already decided." *Shrader,* 70 F.3d at 257. Under *Shrader*, this is not an appropriate basis for reconsideration. *Id.* Accordingly, the Court will not revisit its prior rulings on this matter. Plaintiffs' motion for reconsideration is denied.

### III. CONCLUSION

Plaintiffs' [65] Motion for Reconsideration is denied. As indicated in the Court's previous rulings, Plaintiffs may submit a proposed amended complaint that succinctly and briefly summarizes the nature of Plaintiffs' claims in accordance with Rule 8.

SO ORDERED in Bridgeport, Connecticut this 13th day of July, 2017.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE