UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DWIGHT SMITH, LAURA WNUK,<br>JOANNA MROZEK,<br>    Plaintiffs | :<br>:<br>:<br>: |
| v. | :   CASE NO. 3:15-CV-01215 (VAB) |
| DAVID WILSON, RUSHICK "IKE" CHIN,<br>DERRICK CHIN,<br>    Defendants | :<br>:<br>:<br>: |

### RULING ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND

Dwight Smith, Laura Wnuk and Joanna Mrozek ("Plaintiffs"), *pro se*, initially brought this lawsuit against David Wilson, Rushick Chin and Derrick Chin ("Defendants") seeking damages arising out of an allegedly fraudulent transaction involving property in Jamaica. Plaintiffs sought leave to amend their Complaint on two separate occasions, Pls. Mots. for Leave to Amend, ECF Nos. 57, 63, and the Court denied Plaintiffs' motions each time for failure to comply with Rule 8 of the Federal Rules of Civil Procedure, Orders, ECF Nos. 60, 64. Plaintiffs have now filed a third motion for leave to amend, proposing a new Amended Complaint that numbers 499 paragraphs and seeks to add seven (7) additional Defendants. Pls. Mot. for Leave to Amend, ECF No. 67.

Plaintiffs' motion is **DENIED** without prejudice to renewal, except that this denial is with prejudice with respect to the following Defendants: Orlando Diaz, Marjorie Wilson, Wilson Bail Bond LLC, Joan P. Rossman, and Brandon Wilson. As outlined in further detail below, the proposed Amended Complaint fails to state plausible allegations against the vast majority of the new Defendants added to this lawsuit, and permitting Plaintiffs time again to add new Defendants would be futile and unlikely to be productive, particularly given the numerous times

that Plaintiffs have failed to submit a proper Amended Complaint as well as the likelihood of considerable delay in the prosecution of this case.

Under Rule 15 of the Federal Rules of Civil Procedure, courts are instructed to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, leave to amend is appropriately denied under Rule 15 where the proposed amendment would be futile. *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) ("A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party."); *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) ("Where it appears that granting leave to amend is unlikely to be productive… it is not an abuse of discretion to deny leave to amend.") (citing *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993)). Several of Plaintiffs' proposed revisions are unlikely to be productive and would result in undue delay to the adjudication of this case; thus, leave to amend is appropriately denied.

The Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) outline the requirements for factual allegations in civil pleadings under Rule 8 of the Federal Rules of Civil Procedure. These cases specify that all complaints are required to include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face….'" *Iqbal*, 556 U.S. at 662 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged…. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 678-679. Several of the allegations addressed to the new Defendants named in the proposed Amended Complaint fall short of this "facial plausibility" requirement.

Plaintiffs seek to add Defendants Orlando Diaz and Joan P. Rossman "to the extent [they are] required to be notified regarding the disputed property." Prop. Am. Compl. ¶¶ 38-39, ECF No. 67-2. The proposed Amended Complaint outlines numerous legal claims, specifying relevant allegations as to each individual Defendant; notably, neither Orlando Diaz nor Joan P. Rossman are specifically mentioned in connection with any of those claims, and Plaintiffs never allege any specific conduct on the part of either individual that allegedly violated the law. Accordingly, Plaintiffs have not stated any plausible claims as to these individuals, and they are not appropriately named as Defendants in this action.

Plaintiffs' allegations against Marjorie Wilson, Brandon Wilson, and Wilson Bail Bond LLC similarly fail to meet the plausibility standard of *Iqbal* and *Twombly*. Plaintiffs' allegations against all three of these proposed Defendants rely solely on their potential use of a particular e-mail address to correspond with Plaintiffs. In the section describing the breach of contract claim as to Marjorie Wilson, for example, Plaintiffs broadly state that "Marjorie Wilson would reasonably have access to defendant Wilson Bail Bond LLC emails," thus "[i]f [she] did use or did allow use of the Wilson Bail Bond LLC email(s) to directly communicate with the plaintiffs about the deal in question, then she is responsible for all the breaches of contract alleged in this complaint…." Prop. Am. Compl. ¶¶ 98, 100, ECF No. 67-2. Plaintiffs' allegations against Brandon Wilson and Wilson Bail Bond LLC are similarly hypothetical, proposing potential liability on the part of each Defendant without making concrete allegations that those Defendants actually engaged in conduct that violated Plaintiffs' rights. These are not the types of factual allegations recognized by Rule 8, therefore these individuals are also not appropriately added as Defendants in this action.[1]

---

[1] Similar language is occasionally used throughout the proposed Amended Complaint to describe some of the claims against Amanda Basdeo, another proposed new Defendant. Such hypothetical allegations will not be recognized.

Finally, the Court notes that this case has been ongoing since 2015. Orig. Compl., ECF No. 1. Nearly two years later, this case is still in its beginning stages, and substantial discovery has yet to be completed. If Plaintiffs are permitted to add such a significant number of Defendants at this stage of the litigation, it would dramatically expand the scope of discovery, resulting in significant additional delay and hampering the Court's ability to efficiently try this case. Accordingly, in light of the weaknesses in the proposed pleadings identified above as well as the Court's "inherent authority to manage [its] dockets and courtrooms with a view toward the efficient and expedient resolution of cases[,]" *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016), the Court finds it appropriate and necessary to limit the scope of this litigation at this stage.

Plaintiffs' [67] Motion for Leave to Amend is **DENIED**. Plaintiffs may submit a proposed Amended Complaint that complies with the restrictions set forth in this Order.

SO ORDERED in Bridgeport, Connecticut this 9th day of August, 2017.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE