UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DWIGHT SMITH, LAURA WNUK, AND JOANNA MROZEK,<br>    Plaintiffs,<br><br>v.<br><br>DAVID WILSON, RUSHICK "IKE" CHIN, DERRICK CHIN, AMANDA BASDEO, WILSON BAIL BOND, LLC, AND RIO NUEVO VILLAGE<br>    Defendants. | No. 3:15-cv-1215 (VAB) |

**RULING AND ORDER**

Dwight Smith, Joanna Mrozek, and Laura Wnuk (collectively, "Plaintiffs") have sued David Wilson, Rushike ("Ike") Chin, Derrick Chin, Amanda Basdeo, Wilson Bail Bond LLC, and Rio Neuvo Village (collectively, "Defendants") for breach of contract, common law fraud, and civil conspiracy. Am. Compl. at 3–4, ECF No. 80.

Plaintiffs have moved for an Order authorizing alternative service on Defendants that Plaintiffs not yet successfully served: Amanda Basdeo and Rio Neuvo Village. ECF Nos. 100, 101, 123. Plaintiffs have also filed a number of motions relating to discovery disputes. ECF Nos. 116–122, 124.

After reviewing these filings, a threshold issue of subject-matter jurisdiction became apparent: whether complete diversity existed in this case. *See* ECF No. 125. The Court directed the parties to file briefs addressing the Court's jurisdiction over the lawsuit. *Id.* Plaintiffs filed a response on February 9, 2018. ECF No. 132. Ike Chin and David Wilson each filed a response

1

on February 21, 2018. ECF Nos. 133, 134. On February 26, 2018, Plaintiffs filed a motion to dismiss the Complaint against Derrick Chin. ECF No. 135.

For the reasons discussed below, the Court lacks subject-matter jurisdiction because the parties are not completely diverse. The case therefore is **DISMISSED**, and Plaintiffs' pending motions are **DISMISSED** as moot.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. The Parties

Dwight Smith, Joanna Mrozek, and Laura Wnuk are all citizens of Connecticut. Am. Compl. at 3–4.

David Wilson resides in Jamaica and has a Bridgeport, Connecticut mailing address. *Id.* at 3. Plaintiffs allege that he is a co-owner and tenant in common of the land at issue in this lawsuit: Lot D, Spring Valley, Saint Mary, Jamaica. *Id.* He also is allegedly the part-owner and manager of Rio Nuevo Village. *Id.*

Ike Chin resides in Easton, Connecticut, and is allegedly a business partner in Rio Nuevo Village. *Id.* Ike's brother, Derrick Chin, resides in Torington, Connecticut, and also is allegedly a business partner in Rio Nuevo Village. *Id.* at 3–4. David Wilson is allegedly the cousin of Ike and Derrick Chin, and all three are allegedly business partners. *Id.* at 9-10. Ike and Derrick are allegedly investors/owners in David's commercial property development enterprise in Ocho Rios, St. Ann, Jamaica. *Id.*

Amanda Basdeo resides in Ocho Rios, Jamaica, and is the Museum Curator at Rio Nuevo Village Great House Museum. *Id.* at 4.

Wilson Bail Bond LLC is a business located in Easton, Connecticut. *Id.*

Rio Nuevo Village is a business located at Lot D, Spring Valley, Saint Mary, Jamaica. *Id.*

## B. Factual Allegations

In July 2011, Ike Chin allegedly approached Ms. Mrozek with an investment opportunity: she could purchase a two- or three-acre parcel of beachfront property at a discounted price in Jamaica. *Id.* at 4. Ike Chin allegedly told Ms. Mrozek that his business partner and cousin, David Wilson, had a right of first refusal on the property that would soon expire. *Id.* at 5. The land would be adjacent to David Wilson's 26.75 acre property in Jamaica known as Rio Nuevo Village. *Id.*

Plaintiffs claim that they spoke to Ike Chin about the opportunity over the phone on July 27, 2011, and spoke to David Wilson about the opportunity in August 2011. *Id.* at 4–5. They allegedly "entered into verbal and written agreements that plaintiffs were to receive, as collateral for their $60,000, a land title for two (2) acres of defendant David Wilson's currently held 26.75 acre land in Jamaica." *Id.* at 5.

On August 15, 2011, Plaintiffs allegedly met with Ike Chin at their house and signed a "Real Estate and Business Contract." *Id.* at 5. The contract allegedly represented "the 'buyers' as (among others) plaintiffs Dwight Smith, Laura Wnuk and Joanna Mrozek," and the "'sellers' as Ike Chin, David Wilson and Derrick Chin." *Id.* Plaintiffs claim that, on that day, Ike "informed plaintiffs of his failure to forward the plaintiffs['] $60,000 to defendant David Wilson within the requisite time required and, thus, the opportunities for the discussed 'right of first refusal' were forfeited." *Id.* at 5-6.

Plaintiffs also claim that, on August 17 or 18, 2011, they discussed the forfeited right of first refusal with David Wilson, and discussed the possibility of purchasing the land at an auction scheduled for August 28, 2011. *Id.* at 6. Mr. Wilson allegedly "indicated the land price at auction would be an additional $30,000[.]" *Id.*

Plaintiffs allege that they received an e-mail on August 27, 2011 "from one of more defendants stating '. . . we have accomplished our goal getting this property . . . just waiting to close.'" *Id.* at 6.

Plaintiffs allege that they have never received the title for the land or collateral for the $60,000. *Id.* at 6-7. Mr. Smith allegedly reached out to Defendants several times, and on September 25, 2011, received an e-mail from "one or more defendant(s)" promising to return the money, but Plaintiffs have not recovered the money or been granted title to the property. *Id.*

On August 28, 2012, Plaintiffs sent Defendants a demand letter. Compl. Ex. E. They then filed a claim against Defendants in the Supreme Court of Judicature of Jamaica. Compl. Ex. F.

Ike and Derrick Chin did not respond to the Supreme Court of Judicature of Jamaica claim. Answer at 5–7. David Wilson responded, denying any knowledge of or relationship to Ike and Derrick Chin. Compl. Ex. G. He also denied knowledge of Plaintiffs and receipt of the $60,000. *Id.*

### C. Procedural History

On August 12, 2015, Plaintiffs filed a Complaint in this Court against Derrick Chin, Ike Chin, and David Wilson. Compl. They alleged breach of contract, common law fraud, civil conspiracy, unjust enrichment, and they sought the imposition of a constructive trust and injunctive relief. *Id.* at 3–11. They sought damages for "the current market value of the two acres of land ($840,000); an injunction with the "imposition or a constructive trust on all proceeds of Defendants' fraudulent Jamaica Land Purchase scheme, and a freeze of all assets"; pre- and post-judgment interest; attorney's fees; and punitive and exemplary damages. *Id.*

Ike Chin responded to the Complaint on June 20, 2016, admitting that he received $60,000, had signed a preliminary agreement with Plaintiffs, and that he did not respond to

4

Plaintiffs' claim in the Supreme Court of Judicature of Jamaica. Answer at 5–7. He also asserted the following affirmative defenses: (1) that Plaintiffs had failed to state a claim upon which relief could be granted; and (2) the statute of limitations has expired. *Id.* at 12.

Plaintiffs moved to amend the Complaint on May 8, 2017, and after the Court granted leave to amend, filed an Amended Complaint on September 1, 2017. ECF No. 80. The Amended Complaint adds Amanda Basdeo, Wilson Bail Bond, LLC, and Rio Nuevo Village to the lawsuit. Ike Chin and David Wilson have appeared for initial proceedings, but Derrick Chin, Amanda Basdeo, Wilson Bail Bond, LLC, and Rio Nuevo Village have not appeared.

Between November 2017 and January 2018, Plaintiffs filed a number of motions seeking (1) orders for alternative forms of service as to the Defendants who had not yet appeared, and (2) resolution of discovery issues. ECF Nos. 100–01, 103–05, 109–110, 116–124, 127.

Upon reviewing those filings, the Court issued an Order directing the parties to brief a threshold issue of subject-matter jurisdiction—namely, whether diversity jurisdiction exists under 28 U.S.C. § 1332. ECF No. 125.

On February 9, 2018, Plaintiffs filed a response to the Court's Order. ECF No. 132. On February 21, 2018, Ike Chin and David Wilson each also filed responses to the Court's Order. ECF Nos. 133, 134. On February 26, 2018, Plaintiffs also filed a motion to dismiss Derrick Chin from this lawsuit. ECF No. 135.

## II. STANDARD OF REVIEW

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) ("Determining the existence of subject matter jurisdiction is a threshold inquiry and a claim is properly dismissed for lack of subject matter jurisdiction . . .

5

when the district court lacks the statutory or constitutional power to adjudicate it.") (quoting *Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir. 2008), *aff'd*, 561 U.S. 247 (2010)).

A plaintiff invokes diversity jurisdiction under 28 U.S.C. § 1332 "when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (citing 28 U.S.C. § 1332(a)). The Court therefore must determine whether, at the time of filing, the parties were completely diverse and the amount in controversy exceeded $75,000. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004) ("It has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.'") (quoting *Mollan v. Torrance*, 9 Wheat. 537, 539 (1824)); *see also CP Solutions PTE, Ltd. v. General Elec. Co.*, 470 F. Supp. 2d 151, 155 (D. Conn. 2007) ("[O]nce the issue of lack of diversity jurisdiction is raised, a Court must first determine its jurisdiction before ruling on other matters.").

## III. DISCUSSION

Subject-matter jurisdiction is a threshold question that the Court must consider, even if the parties have not challenged jurisdiction. Fed. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583–84 (1999) ("Subject-matter limitations on federal jurisdiction serve institutional interests . . . [and] [a]ccordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level.").[1]

---

[1] Plaintiffs argue that they filed this case on the good faith belief that the parties were diverse and federal court was the proper venue. Pl.'s Resp., ECF No. 132. Plaintiffs argue that dismissing this case more than two years after it was originally filed "serves to cause potentially irreparable harm to plaintiffs['] chances of recovering[.]" *Id.* at 18–19. Any potential prejudice, however, does not affect the Court's determination of whether it has subject-matter jurisdiction, because subject-matter jurisdiction "is nonwaiveable and delimits federal-court power[.]" *Ruhrgas AG*, 526 U.S. at 583. In other words, at whatever moment an issue of subject-matter jurisdiction appears, the Court must address it. *See, e.g.*, *Wisconsin Dept. of Corr. V. Schacht*, 524 U.S. 381, 389 (1998) ("The presence of a nondiverse

This proposition remains true whether the case was removed from state court or originated in federal court. *Id.* at 585.

Here, Plaintiffs claim that subject-matter jurisdiction exists under 28 U.S.C. § 1332. Am. Compl. at 2. That statute grants federal district courts the authority to hear cases under the following circumstances:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
>
> (1) citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a).

Plaintiffs "seek $60,000 in actual damages and $5,000,000 in collateral losses, fees and costs as allowed per law, plus additional equitable relief and punitive damages as deemed appropriate, or such other amount as a jury may award accordingly." Am. Compl. at 39. Plaintiffs' alleged matter in controversy thus "exceeds the sum or value of $75,000."

---

party automatically destroys original jurisdiction: No party need assert the defect. No party can waive the defect or consent to jurisdiction."); *Merritt v. Shuttle, Inc.*, 187 F.3d 263, 268 (2d Cir. 1999) (examining whether the district court had subject-matter jurisdiction over a claim that was then on appeal); *In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) (reviewing whether district court had subject-matter jurisdiction on an interlocutory appeal).

7

The Court must next examine "the citizenship of the parties to determine whether complete diversity exists between [all] plaintiff[s] and all defendants." *Marks Grp., LLC v. Schiciano*, No. 3:10-cv-1898 (CSH), 2011 WL 6816552, at *2 (D. Conn. Dec. 28, 2011); *see also Handelsman v. Bedford Village Assocs. Ltd. Partnership*, 213 F.3d 48, 51–52 (2d Cir. 2000) ("Diversity jurisdiction requires that 'all of the adverse parties in a suit . . . be completely diverse with regard to citizenship.'") (quoting *E.R. Squibb & Sons, Inc. v. Accident & Cas Ins. Co.*, 160 F.3d 925, 930 (2d Cir. 1998). "Diversity is not complete if any plaintiff is a citizen of the same state as any defendant." *St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005) (citing *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)).

An individual's citizenship for the purposes of diversity jurisdiction depends on the state or country in which the person is domiciled, i.e., "where a person dwells and which is the center of his domestic, social and civil life." Restatement (Second) of Conflict of Laws §§ 11, 12 (1971). "In general, the domicile of an individual is his true, fixed and permanent home and place of habitation," in other words, "the place to which, whenever he is absent, he has the intention of returning." *Martinez v. Bynum*, 461 U.S. 321, 331 (1983). "Although an individual may have several residences, he or she can have only one domicile." *Doe No. 1 v. Knights of Columbus*, 930 F. Supp. 2d 337, 347 (D. Conn. 2013). The Court evaluates the parties' domiciles at the moment that Plaintiffs filed their Complaint in this Court. *See Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 63 (2d Cir. 2009) ("[I]t must be determined whether at the time the present action was commenced there was diversity jurisdiction, that is, whether [the defendant] was a citizen of—*i.e.*, domiciled in . . .—a state

other than the state in which [the plaintiff] was incorporated and the state in which it had its principal place of business . . . .").

Plaintiffs are all citizens of Connecticut. Am. Compl. at 3 (stating that Plaintiffs live in Manchester, Connecticut). Although Defendants each have some ties to a foreign, diverse, jurisdiction—Jamaica—the Complaint alleges that Ike Chin resides in Easton, Connecticut, and Derrick Chin resides in Torrington, Connecticut. *Id.* In addition, the Complaint alleges that David Wilson resides in Jamaica but has a Bridgeport, Connecticut mailing address. *Id.*

In Plaintiffs' response to the Court's Order, Plaintiffs argue that Defendants spend "51% or more of the time (excluding defendant Wilson Bail Bond, LLC)" in Jamaica, and claim that they "filed this case in the United States Federal Court based on Diversity Jurisdiction of the parties . . . based on the good-faith knowledge based on the limited information plaintiffs had at the time both the original and amended complaint(s) were filed." Resp. at 8, ECF No. 132. Plaintiffs also state that "the residence of defendant Derrick Chin, to the extent he is deemed a Connecticut resident thereby affecting Federal Jurisdiction in this case, should NOT further factor into the jurisdictional equation based on his recent filing of bankruptcy and listing this complaint as a creditor." *Id.* at 12. The Court disagrees.

Ike Chin and David Wilson each filed responses to the Court's Order stating, "Plaintiffs are citizens of Connecticut, and two of the three defendants are citizens of Connecticut." Wilson and Chin Resp. to Order at 3, ECF Nos. 133, 134. More specifically, Defendants claim that Derrick Chin is a Connecticut resident, and Ike Chin is a Connecticut resident. *Id.* at 3 n.1 (citing ECF No. 132 at 12).

Based on the information in the Complaint, the Court determines that the parties here are not completely diverse. Plaintiffs are all residents of Connecticut, and the Complaint alleges that

9

Ike Chin resides in Easton, Connecticut, and Derrick Chin resides in Torrington, Connecticut. Am. Compl. at 3.

The Court therefore must dismiss this action for lack of subject-matter jurisdiction under Rule 12(h)(3) because the parties are not completely diverse under 28 U.S.C. § 1332. *Durant*, 565 F.3d at 62-63 ("'It is a fundamental precept that federal courts are courts of limited jurisdiction' and lack the power to disregard such limits as have been imposed by the Constitution or Congress.") (quoting *Owen Equipment & Erection Co.*, 437 U.S. at 374)).

Nevertheless, Plaintiffs argue that the Court can grant itself a "specific grant of jurisdiction," considering convenience, timing, and fairness to Plaintiffs. Resp. at 15 (quoting *Gottlieb v. Carnival Corp.*, 436 F.3d 335, 337 (2d Cir. 2006)). Plaintiffs' reliance on the Second Circuit's decision in *Gottlieb* is misplaced. It is an act of Congress, acting within the scope of its constitutional authority, not courts that decide whether federal court jurisdiction exists over a case. *See Bowles v. Russell*, 551 U.S. 205, 212 (2007) ("Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider."). In *Gottlieb*, the Court merely held that the federal court had jurisdiction to hear the case, because the statutory requirements under 28 U.S.C. § 1332 for diversity jurisdiction already existed, the express language of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, notwithstanding. *See Gottlieb*, 436 F.3d at 343 ("Having considered the statute's text, structure, history, and purpose, we conclude that Congress did not intend to divest the federal courts of diversity jurisdiction over private causes of action under the TCPA."). A federal court does not otherwise have the authority to grant itself the power to hear a case. *See Owen Equip. & Erection Co.*, 437 U.S. at 374 ("The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded.").

Because the Court has determined that it lacks jurisdiction over this matter, Plaintiffs' motions for alternative service are moot.[2]

## IV. CONCLUSION

For the foregoing reasons, this case is **DISMISSED** for lack of subject-matter jurisdiction under 12(h)(3) and 28 U.S.C. § 1332, because the parties are not completely diverse. Plaintiffs' motions for an Order granting alternative service are dismissed as moot.

The Clerk of the Court is directed to close this case.

SO ORDERED at Bridgeport, Connecticut, this 5th day of March, 2018.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE

---

[2] In recognizing that this Court has no jurisdiction over the matter, the Court takes no position as to whether this case could properly be re-filed in Connecticut state court. *See Hodges v. Glenholme Sch.*, __ Fed. App'x __, 2017 WL 5495513, at *3 (Nov. 16, 2017) ("Conn. Gen. Stat. § 52-592(a) allows a plaintiff to re-file a dismissed action, within one year of dismissal, if two requirements are met: (1) the original action must have been 'commenced' within the applicable statute of limitations; and (2) the original action must have failed because of one of the specific procedural reasons enumerated in the statute.").