UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DWIGHT SMITH, LAURA WNUK, AND JOANNA MROZEK,<br>    Plaintiffs,<br><br>v.<br><br>DAVID WILSON, RUSHICK "IKE" CHIN, DERRICK CHIN, AMANDA BASDEO, WILSON BAIL BOND, LLC, AND RIO NUEVO VILLAGE,<br>    Defendants. | No. 3:15-cv-1215 (VAB) |

**RULING AND ORDER**

On August 12, 2015, Dwight Smith, Joanna Mrozek, and Laura Wnuk (collectively, "Plaintiffs") filed a Complaint in this Court against David Wilson, Rushike ("Ike") Chin, Derrick Chin, Amanda Basdeo, Wilson Bail Bond LLC, and Rio Neuvo Village (collectively, "Defendants") for breach of contract, common law fraud, and civil conspiracy. Compl., ECF No. 1; Am. Compl. at 3–4, ECF No. 80. Litigation in the case proceeded until March 5, 2018, when the Court dismissed the case for lack of subject-matter jurisdiction. Order Dismissing Case, ECF No. 137. The Court explained that, because the parties were not completely diverse, it lacked subject-matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3) and 28 U.S.C. § 1332. *Id.* at 11. Plaintiffs filed a notice of appeal on March 12, 2018. ECF No. 139.

Plaintiffs have since filed two motions: a motion to dismiss Derrick Chin from the case, ECF No. 141, and a motion to alter or amend the judgment, ECF No. 142. The Court assumes

1

familiarity with the facts of this case. *See* Order Dismissing Case at 2–4. For the following reasons, the Court finds that it cannot rule on the first motion, and it **DENIES** the second motion.

I. **STANDARD OF REVIEW**

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal citations omitted). A motion for reconsideration generally does not allow the moving party to revisit arguments that have already been presented before the court. *See Shrader*, 70 F.3d at 257 ("[A] motion for reconsideration should not be granted where the moving party seeks solely to relitigate an issue already decided.").

II. **DISCUSSION**

Plaintiffs have filed two motions after filing a notice of appeal: a motion to dismiss Derrick Chin from the case, and a motion to alter or amend the judgment. In the motion to dismiss, Plaintiffs claim that Mr. Chin has filed for Chapter 7 Bankruptcy and claim therefore to be barred from continuing to pursue their case against him. Mot. Dismiss at 1. In their motion for reconsideration, Plaintiffs argue:

> The Court dismissed plaintiffs['] case, with prejudice, and ruled there was a lack of jurisdiction without plaintiffs being afforded the procedural abilities to conduct appropriate and timely discovery that would have, but for defendants' non-cooperation and compliance with statutory discovery propounded by plaintiffs, provided said

> plaintiffs with the information necessary to make an informed decision as to any defects in jurisdiction. . . .
>
> It is the plaintiffs['] steadfast contention that, had one or more defendants[] complied with the discovery plaintiffs propounded, said plaintiffs would have been provided with the necessary information needed to make informed decisions regarding matters of jurisdiction well before the expiration of any applicable statute of limitations.

Mot. for Reconsideration at 1–2.

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *see also Brewer v. Hashim*, No. 2:16-cv-326 (JMC), 2017 WL 3433904, at *1 (D. Vt. Aug. 10, 2017) ("While the federal rules do permit the district court to 'relieve a party . . . from a final judgment,' *see* Fed. R. Civ. P. 60(b), the Second Circuit has repeatedly held that the docketing of a notice of appeal ousts the district court of jurisdiction except insofar as it is reserved to it explicitly by statute or rule.") (quoting *Toliver v. Cty. of Sullivan*, 957 F.2d 47, 49 (2d Cir. 1992)). This Court therefore has no jurisdiction to rule on aspects of this case that are involved in the appeal, including the motion to dismiss Derrick Chin from the case proceeding.

The Court may, however, under certain circumstances even after the filing of a notice of appeal, "relieve a party . . . from a final judgment," including by ruling on Plaintiffs' motion to alter or amend judgment. *See Toliver*, 957 F.2d at 49. Specifically, the Court may deny a motion for relief from a final judgment without the Second Circuit's consent, but it may grant a motion only with the Second Circuit's approval. *Id.* at 49. Plaintiffs seek relief from this Court's judgment under Rules 59(e) and 60(b).

This Court entered judgment on March 5, 2018, and Plaintiffs filed a timely motion to amend on March 26, 2018. *See* Fed. R. Civ. P. 59(e) (requiring motion "no later than 28 days

3

after the entry of the judgment"). On the merits of Plaintiffs' motion for reconsideration, however, the Court finds that Plaintiffs have not shown that the Court has subject-matter jurisdiction over the case. *See Shrader*, 70 F.3d at 256–57 (explaining that Court will grant a motion seeking reconsideration of a judgment when the "moving party can point to controlling decisions or data that the court overlooked" and "that might reasonably be expected to alter the conclusion reached by the court").

The federal district courts are courts of limited jurisdiction. *See Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000) ("It is axiomatic that federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction. Unlike failure of personal jurisdiction, failure of subject matter jurisdiction is not waiveable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed.") (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). In this case, Plaintiffs claimed that the Court had subject-matter jurisdiction under 28 U.S.C. § 1332, Am. Compl. at 2, which grants the Court the power to hear cases that involve citizens of different states and damages that exceed $75,000. *See Handelsman v. Bedford Village Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000) ("Diversity jurisdiction requires that 'all of the adverse parties in a suit . . . be completely diverse with regard to citizenship.'") (quoting *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 930 (2d Cir. 1998)).

The Court evaluates whether parties are diverse based on the allegations in the Complaint. *See Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 63 (2d Cir. 2009). ("[I]t must be determined whether at the time the present action was commenced there was diversity jurisdiction, that is, whether [the defendant] was a citizen of—

*i.e.*, domiciled in . . .—a state other than the state in which [the plaintiff] was incorporated and the state in which it had its principal place of business . . . .").

Here, when Plaintiffs filed the Complaint, Plaintiffs were all citizens of Connecticut. Am. Compl. at 3. Ike Chin and Derrick Chin also resided in Connecticut. *Id.* Based on that information, the Court determined that the parties are not completely diverse. Order Dismissing Case at 9–10. While Plaintiffs fear that the dismissal of their case leaves them "no further avenues (absent successful appeals) to litigate their case," Mot. for Reconsideration at 2, that concern, noted in the Court's Order, may be unfounded because Connecticut's Accidental Failure of Suit statute, Conn. Gen. Stat. § 52-592(a), nonetheless may provide an opportunity for Plaintiffs to pursue their claims in Connecticut state court. *See* Order Dismissing Case at 11 n.2.

In any event, Plaintiffs have not introduced "controlling decisions or data that the court overlooked" that would change the Court's analysis. *Shrader*, 70 F.3d at 256–57; *see also Pierce*, 2010 WL 4683911, at *1 ("A motion for reconsideration is not a means to reargue those issues already considered when a party does not like the way the original motion was resolved.").

## IV. CONCLUSION

For the foregoing reasons, the Court finds that it cannot rule on Plaintiffs' motion to dismiss Derrick Chin from the case, and the Court **DENIES** Plaintiffs' motion for reconsideration.

SO ORDERED at Bridgeport, Connecticut, this 14th day of April, 2018.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE